In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-504 CV


____________________



IN RE COMMITMENT OF RICHARDO ZAMORA







On Appeal from the 284th District Court


Montgomery County, Texas


Trial Cause No. 06-01-00241-CV






MEMORANDUM OPINION


 The trial court civilly committed Richardo Zamora after a jury found that Zamora
suffers from a behavioral abnormality that makes him likely to engage in a predatory act of
sexual violence. Zamora raises three issues in his appeal from his commitment as a sexually
violent predator. We hold the trial court ruled within the bounds of its discretion in
permitting the State's two experts to testify and that their testimony need not be excluded in
considering the sufficiency of the evidence supporting the jury's verdict. Accordingly, we
affirm.

 Zamora's first issue challenges the qualifications of the State's testifying psychiatrist,
Dr. Sheri Gaines, and the reliability of Dr. Gaines's opinion that Zamora suffers from a
behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. 
The Rules of Evidence permit expert testimony on scientific, technical, or other specialized
subjects if the testimony would assist the fact finder in understanding the evidence or
determining a fact issue. See Tex. R. Evid. 702. "A trial court's acceptance of a witness's
qualifications as an expert is reviewable for an abuse of discretion." Gammill v. Jack
Williams Chevrolet, Inc., 972 S.W.2d 713, 718-19 (Tex. 1998). We will not disturb a trial
court's ruling on the reliability of the expert's opinion unless the record shows that the court
abused its discretion by acting without reference to the pertinent guiding rules or principles. 
E.I. du Pont de Nemours & Co. v. Robinson, 923 S.W.2d 549, 558 (Tex. 1995).

 Zamora argues Dr. Gaines possesses insufficient experience and training to assist the
jury in understanding the evidence in the specialized area of diagnosing sex offenders and
evaluating their risk for recidivism. Dr. Gaines received her bachelor's degree in biology
from The University of Texas and graduated from The University of Texas Medical School
in Houston, where she completed her residency in general psychiatry, a fellowship in child
psychiatry, and served as chief resident in the Division of Child and Adolescent Psychiatry.
Dr. Gaines is board certified in psychiatry as well as child and adolescent psychiatry. She
has several years of experience working as a prison psychiatrist. At the time of trial, Dr.
Gaines had evaluated fourteen individuals for civil commitment proceedings. The witness
possessed education in the field in which she offered her opinion, and she had experience
working with sexually violent offenders and evaluating them for civil commitment. On this
record, the trial court did not abuse its discretion in finding Dr. Gaines to be qualified as an
expert in the field of psychiatry and qualified to testify to the opinions she expressed.

 In assessing the reliability of an expert's testimony, we consider non-exclusive factors
such as: (1) the extent to which the theory has been or can be tested; (2) the extent to which
the technique relies upon the subjective interpretation of the expert; (3) whether the theory
has been subjected to peer review and/or publication; (4) the technique's potential rate of
error; (5) whether the underlying theory or technique has been generally accepted as valid
by the relevant scientific community; and (6) the non-judicial uses which have been made
of the theory or technique. Robinson, 923 S.W.2d at 557. For psychiatric or psychological
expert testimony, courts have applied the "analytical-gap" analysis in reviewing the trial
court's gatekeeping for abuse of discretion. See In re Estate of Robinson, 140 S.W.3d 782,
792 (Tex. App.--Corpus Christi 2004, pet. denied); In re Commitment of Martinez, No. 09-05-493 CV, 2006 WL 2439752, *3 (Tex. App.--Beaumont Aug. 24, 2006, no pet.) (mem.
op.). Expert testimony based on technical or other specialized knowledge must have some
basis in principles, research, and methodology to demonstrate its reliability. See generally
Gammill, 972 S.W.2d at 726. Expert testimony is unreliable if there is "too great an
analytical gap between the data and the opinion proffered." Id.

 Zamora argues that Dr. Gaines's testimony is unreliable because she used her clinical
discretion in making her diagnosis and in determining that Zamora met the criteria for
pedophilia. Zamora contends the lack of a clinical check on her clinical discretion and her
failure to independently verify the information provided in Zamora's referral packet make
Dr. Gaines's diagnoses of pedophilia, alcohol dependency, antisocial personality disorder,
and sexual sadism inadmissible. Zamora's arguments regarding peer review are similar to
those presented in another civil commitment proceeding in which the appellant challenged
the reliability of Dr. Gaines's expert opinion. See In re Commitment of Gollihar, No. 09-06-243 CV, 2007 WL 1438585 (Tex. App.--Beaumont May 17, 2007, no. pet. h.). In Gollihar,
we noted that the record did not show that the clinical judgments of physicians generally, or
psychiatrists specifically, are subjected to peer review. Id., 2007 WL 1438585 at *8-*9. We
must, therefore, consider whether Dr. Gaines sufficiently articulated her methodology to
demonstrate the reliability of her opinion.

 In Zamora's trial, Dr. Gaines described the methods she used to evaluate Zamora for
a behavioral abnormality that makes him likely to engage in predatory acts of sexual
violence. She examined the victim statements, offense reports, sex offender treatment
program data, prison medical records, and prison disciplinary records. She examined the
report of the psychologist who administered psychological testing. She interviewed Zamora
for one and one-half hours, beginning with non-threatening open-ended questions and
proceeding to specific questions as the interview progressed. Dr. Gaines noted that Zamora
minimized his behavior, such as the level of his alcohol abuse and whether he engages in
sexual fantasies, and determined that he was untruthful and unreliable. The witness
statements revealed frequent acts of vaginal, anal, and oral sexual assault on more than one
child living in the household and an incident in which Zamora kidnapped and attempted to
sexually assault a stranger. Zamora either denied the offenses or refused to discuss them. 
In assessing Zamora's risk to reoffend, Dr. Gaines considered that Zamora had twenty major
disciplinary infractions while in prison, that he is not in a sex offender treatment program,
and that on three occasions Zamora failed to complete supervised release. Dr. Gaines
testified that she diagnosed anti-social personality disorder because Zamora met the criteria
for a conduct disorder before age eighteen: in the course of her interview with him, Zamora
admitted he "had lots of trouble when he was in the eighth grade, that he was constantly in
the principal's office and he was getting in fights."

 Zamora's expert, Dr. Jason Dunham, described a similar process he engaged in while
evaluating Zamora. Dr. Dunham, a licensed psychologist, interviewed Zamora for one hour
and forty-five minutes, beginning with benign open-ended questions and proceeding to
questions the records showed were important to ask. Dr. Dunham decided some of the
offenses described did not happen as claimed by the victims. He rejected the diagnosis of
anti-social personality disorder because he did not have any information about Zamora's
childhood, and instead diagnosed Zamora as a psychopath. Dr. Dunham agreed that a
psychopath would have a behavioral abnormality if he were a sexual deviant, but concluded
that Zamora sought control and dominance and was not a sexual deviant. Dr. Dunham
believed Zamora had not tried to force one of the alleged victims to engage in nonconsensual
sex because "[t]hat would not be consistent with his psychopathy, minus a sexual deviancy." 
 Dr. Dunham testified Zamora did not meet the criteria for pedophilia because the
repeated acts of sexual intercourse with the eleven-year-old and the twelve-year-old in the
household ceased with Zamora's arrest approximately three months after the children moved
in with him. Dr. Dunham agreed that the sexual assaults stopped because of Zamora's arrest,
and that the sexual assaults would have continued for some period of time, but that he could
not say whether the sexual assaults would have continued for the six months required to meet
the criteria for pedophilia. According to Dr. Dunham, the actuarials show Zamora would be
at a 26 to 33 percent risk to reoffend, but it is possible for a person to have low scores and
still be at high risk to reoffend, and that was why "you have to use some clinical judgment."
The methodology described in Dr. Dunham's testimony does not illuminate an analytical gap
in Dr. Gaines's methodology.

 On this record, the trial court did not act unreasonably or arbitrarily in concluding that
there was not too great an analytical gap between Dr. Gaines' opinion testimony and its basis. 
We hold that the trial court did not abuse its discretion in finding Dr. Gaines's opinion-that
Zamora has a behavioral abnormality that makes him likely to engage in predatory acts of
sexual violence-was sufficiently reliable to be admitted into evidence. We overrule issue
one.

 In his second issue, Zamora contends the trial court erred in denying a request to
conduct a Robinson hearing during the trial. Although Zamora complains that the trial court
did not require the State to demonstrate the admissibility of the evidence, Zamora does not
challenge the reliability of this testimony. Instead, he complains that the trial court failed to
exercise its function as evidentiary gatekeeper. On appeal, Zamora claims he challenged Dr.
Charles Woodrick's foundational data.

 Called as a witness for the State, Dr. Woodrick testified that he obtained a bachelor's
degree in sociology from Hartwick College, Oneonta, New York, a master's in counseling
from State University College in Oneonta, New York, and a Ph.D. in counseling psychology
from Texas A&M University. Dr. Woodrick testified that he is a licensed psychologist in the
State of Texas and that he has worked as a staff psychologist at Texas A&M, as director of
the counseling center at Lamar University, and held a position at the MHMR center in
Beaumont, and as a staff psychologist for the Texas Department of Criminal Justice. 
Counsel for Zamora then requested the trial court to conduct a Robinson hearing to "show
that he's not a qualified expert." The trial court denied the motion because Dr. Woodrick 
had already established his qualifications for the record. When counsel for the State asked
Dr. Woodrick what he is asked to determine when he receives an individual for possible civil
commitment, the trial court permitted Zamora's counsel to take Dr. Woodrick on voir dire
for the purpose of establishing the psychologist's familiarity with the definitions in the
sexually violent predator commitment statutes.

 "A two-part test governs whether expert testimony is admissible: (1) the expert must
be qualified; and (2) the testimony must be relevant and be based on a reliable foundation." 
Helena Chem. Co. v. Wilkins, 47 S.W.3d 486, 499 (Tex. 2001). Zamora's initial request to
proceed outside the hearing of the jury concerned the first part of the test-the expert's
qualifications-and the witness had already stated his qualifications without objection. The
trial court provided Zamora with an opportunity to test the reliability of Dr. Woodrick's
opinion testimony without the jury being present. Whether Dr. Woodrick's opinion
testimony was shown to be reliable is not at issue in this appeal. The Rules of Evidence
permit the procedure employed by the trial court in this case. See Tex. R. Evid. 705(b)
("Prior to the expert giving the expert's opinion or disclosing the underlying facts or data,
a party against whom the opinion is offered upon request . . . in a civil case may[] be
permitted to conduct a voir dire examination directed to the underlying facts or data upon
which the opinion is based."). We overrule issue two.

 Zamora's third issue asks this question: "Whether in the absence of testimony from
a qualified expert witness whose methodology could be established as reliable, the evidence
was sufficient to establish beyond a reasonable doubt that Mr. Zamora suffers from a
behavioral abnormality that makes him likely to engage in a predatory act of sexual
violence?" This question and the supporting argument in Zamora's brief to this Court
presuppose that Zamora prevails upon his first two issues. Because we have found no abuse
of discretion in admitting the expert opinion testimony of Dr. Gaines and Dr. Woodrick, there

is no reason to analyze the sufficiency of the remaining evidence. (1) Zamora does not
challenge the sufficiency of the evidence to support the jury's verdict with Gaines's and
Woodrick's testimony included. (2) We overrule issue three and affirm the judgment.

 AFFIRMED.






 ______________________________

 STEVE McKEITHEN

 Chief Justice

 

 

Submitted on June 13, 2007

Opinion Delivered July 26, 2007


Before McKeithen, C.J., Kreger and Horton, JJ.
1. Because we find no error in admitting the expert witnesses' testimony, we do not
reach the issue of whether Zamora stated the correct standard of review for his issue or
whether improperly admitted evidence may be excluded in analyzing the record for legal or
factual sufficiency of the evidence. This opinion should not be understood to imply that we
would exclude from our factual sufficiency analysis any of the evidence presented to a jury
during a trial. 
2. An expert's testimony may be so unreliable that it bears no evidentiary weight. See,
e.g., Cooper Tire & Rubber Co. v. Mendez, 204 S.W.3d 797, 804 (Tex. 2006); City of Keller
v. Wilson, 168 S.W.3d 802, 813 (Tex. 2005).